UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO ROMERO SANCHEZ,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  25-CV-3136 JLS (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Anselmo Romero Sanchez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents Christopher LaRose's (Senior Warden, Otay Mesa Detention Center), Pamela Bondi's (U.S. Attorney General), Kristi Noem's (Secretary, U.S. Department of Homeland Security), and Patrick Divver's (ICE San Diego Field Office Director) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 6), and Petitioner's Traverse ("Traverse," ECF No. 7).  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Petition for Writ of Habeas Corpus.

/ / /

/ / /

1

## BACKGROUND

Petitioner is a citizen and national of Mexico with a family in the United States, a twenty-one-year-old U.S. citizen child. Pet. ¶ 26. At an unknown location in 1999, Petitioner entered the United States without being admitted, paroled, or inspected. *Id.* ¶ 25. He was placed in removal proceedings under 8 U.S.C. § 1229(a), issued a Notice to Appear, and charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i).[1] Ret. at 1. Petitioner was then released from custody.[2] Pet. ¶ 27. In October 2025, Petitioner was called into the ICE ERO for his yearly check in where "he was detained without explanation." *Id.* ¶ 31. Petitioner is currently detained at the Otay Mesa Detention Center. *Id.* ¶ 1. Petitioner claims that he is detained in violation of 8 U.S.C. § 1226(a), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 33–46.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—

---

[1] 8 U.S.C. § 1182(a)(6)(A)(i) designates as inadmissible, and therefore "ineligible to receive visas and ineligible to be admitted to the United States," illegal entrants who are present "without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General."

[2] The Court is not presented with enough facts to determine whether there is a due process violation based on revocation of parole without notice or justification. *See Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629 (S.D. Cal. Nov. 3, 2025). If Petitioner would like to challenge his detention on these grounds, he must resubmit briefing providing the Court with more details surrounding his release from custody, i.e., the status of his parole prior to his re-detention.

federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1225(g) and § 1225(b)(9) and that Petitioner has failed to exhaust his administrative remedies. Ret. at 6–9. Respondents then argue, if the Court finds jurisdiction and waives exhaustion, that Petitioner's claims fail on the merits because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. *Id.* at 10–14.

## I. Jurisdiction

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents claim that Petitioner's claims "necessarily arise from the decision or action by the Attorney General to commence proceedings and adjudicate cases." Ret. at 7 (simplified). The Court disagrees.

Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

1    Here, Petitioner does not challenge the decision to commence removal proceedings
2    or any act to adjudicate or execute a removal order.  Traverse at 2–3.  Rather, Petitioner is
3    challenging the legality of DHS's misclassification of custody under § 1225(b), which
4    deprived him of his statutory right to a bond hearing under § 1226(a).  *Id.*  Petitioner is
5    enforcing his "constitutional rights to due process in the context of the removal
6    proceedings—*not* the legitimacy of the removal proceedings or any removal order."
7    *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept.
8    3, 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

9    Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact,
10   including interpretation and application of constitutional and statutory provisions, *arising*
11   *from any action taken or proceeding brought to remove an alien from the United States*
12   under this subchapter shall be available only in judicial review of a final order under this
13   section." 8 U.S.C. § 1252(b)(9) (emphasis added).  Respondents argue that Petitioner is
14   challenging "the government's decision and action to detain" during removal proceedings.
15   Ret. at 9.  Respondents assert that the decision to detain Petitioner arises from the "decision
16   to commence removal proceedings" and thus is "an action taken . . . to remove [him] from
17   the United States."  *Id.* (quoting 8 U.S.C. § 1252(b)(9)).  Respondents conclude that the
18   Court lacks jurisdiction under § 1252(b)(9).  *Id.*  Again, the Court disagrees.

19   Section 1252(b)(9) "has built-in limits, specifically, claims that are independent of
20   or collateral to the removal process do not fall within the scope" of § 1252(b)(9).
21   *Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 810 (9th
22   Cir. 2020) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (internal
23   quotation marks omitted)).  "[C]laims challenging the legality of detention pursuant to an
24   immigration detainer are independent of the removal process."  *Id.*; *see also Garcia*, 2025
25   WL 2549431, at *3–4; *Nielson v. Preap*, 586 U.S. 392, 402 (2019) (quoting *Jennings v.*
26   *Rodriguez*, 583 U.S. 281, 294 (2018)) (finding § 1252(b)(9) did not strip the court of
27   jurisdiction because the petitioners were "not asking for review of an order of removal;
28   they [were] not challenging the decision to detain them in the first place or to seek removal

1 | (as opposed to decision to deny them bond hearings); and they [were] not even challenging
2 | any part of the process by which their removability w[ould] be determined").

3 |     Here, as discussed above, Petitioner is not challenging the Department of Homeland
4 | Security's decision to commence removal proceedings, to adjudicate removability, or to
5 | exercise its general discretion to detain. Petitioner is instead challenging the "purely legal
6 | question of whether he is subject to mandatory re-detention" and his alleged
7 | misclassification depriving him of a bond hearing. Traverse at 2. Therefore, § 1252(b)(9)
8 | also does not strip the Court of jurisdiction.

9 | **II.    Exhaustion**

10 |     "Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v.*
11 | *Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically
12 | require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the
13 | Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available
14 | judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez*
15 | *v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-*
16 | *Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1)
17 | agency expertise makes agency consideration necessary to generate a proper record and
18 | reach a proper decision; (2) relaxation of the requirement would encourage the deliberate
19 | bypass of the administrative scheme; and (3) administrative review is likely to allow the
20 | agency to correct its own mistakes and to preclude the need for judicial review." *Puga v.*
21 | *Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citing *Noriega-Lopez v. Ashcroft*, 335 F.3d
22 | 874, 881 (9th Cir. 2003)). "[A] court may waive the prudential exhaustion requirement if
23 | 'administrative remedies are inadequate or not efficacious, pursuit of administrative
24 | remedies would be a futile gesture, irreparable injury will result, or the administrative
25 | proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)
26 | (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

27 |     The Court, following other courts in this District, finds that exhaustion would be
28 | futile because the Board of Immigration Appeals is obligated to apply the binding

25-CV-3136 JLS (JLB)

precedent of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) to find that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See, e.g., Garcia*, 2025 WL 2549431, at *4–5; *Valdovinos v. Noem*, No. 25-CV-2439 TWR (KSC), slip op. at 9 (S.D. Cal. Sept. 25, 2025). Therefore, the Court concludes that exhausting administrative remedies would be futile.

## III.   Merits

### A. Detention Under § 1225(b)

Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) as an applicant for admission. Ret. at 10. Petitioner argues that he has been unlawfully subject to the mandatory detention provision under § 1225(b)(2), which applies only to "applicants for admission" encountered at or near the border and not to individuals like Petitioner, who was apprehended in the interior and has been residing in the United States since 1999. Pet. ¶ 19. Petitioner alleges that he is entitled to an individualized bond hearing under § 1226(a), and that his mandatory detention based on the Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), "(a) disregards the plain meaning of section 1225(b)(2)(A); (b) disregards the relationship between sections 1225 and 1226; (c) would render a recent amendment to section 1226(c) superfluous; and (d) is inconsistent with decades of prior statutory interpretation and practice." *Id.* ¶ 22.

Section 1225 applies to "applicants for admission" who are "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A) provides in part that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." *Id.* § 1225(b)(2)(A).

Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section

1226 provides, so as long as the detained noncitizen is not covered by § 1226(c), that pending such decision, the Attorney General may release the noncitizen on bond. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1226(c) requires mandatory detention for noncitizens who have been charged with certain crimes listed in § 1182(a) and § 1227(a). § 1226(c)(1). Notably, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for noncitizens who are (1) inadmissible under §1182(a)(6)(A), (6)(C), or (7); *and* (2) charged with certain crimes.[3] § 1226(c)(1)(E). "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *17 (W.D. Wash. Sept. 30, 2025).

Here, Petitioner is currently subject to mandatory detention at the Otay Mesa Detention Center pursuant to § 1225(b)(2). Pet. ¶¶ 31–32. If the Court determines that Petitioner is held pursuant to § 1226 and not § 1225(b)(2), Petitioner would be entitled to a bond hearing in front of an immigration judge.

The Court follows other decisions in this Circuit finding that "seeking admission requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Mosqueda v. Noem*, No. 25-CV-2304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025); *see, e.g.*, *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *11–16 (D. Nev. Sept. 17, 2025); *Rodriguez*, 2025 WL 2782499, at *1 ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA,

---

[3] These crimes are "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." § 1226(c)(1)(E)(ii).

canons of statutory interpretation, legislative history, and longstanding agency practice."); *Guzman v. Andrews*, No. 25-CV-1015-KES-SKO (HC), 2025 WL 2617256, at *4–5 (E.D. Cal. Sept. 9, 2025) (finding that petitioner who was released on bond and rearrested was entitled to a bond hearing under § 1226); *Garcia*, 2025 WL 2549431, at *8 (providing petitioner with an individualized bond hearing under § 1226(a)); *Valdovinos*, No. 25-CV-2439 TWR (KSC), slip op. at 9 (same).

Petitioner was not encountered at a port of entry, during inspection, or near the international boundary. Pet. ¶ 25–31. Petitioner was arrested in the interior of the United States by ICE Officers, not while presenting himself at the gate of entry to attempt to apply for admission. *Id.* Petitioner also has not taken any affirmative acts to seek admission but rather has been residing in the United States since 1999. *Id.*; *see also Kadir v. Larose*, No. 25-CV-1045 LL (MMP), 2025 WL 2932654, at *2–3 (S.D. Cal. Oct. 15, 2025) (finding that when petitioner scheduled an appointment for admission at the border that clearly qualified him as an applicant for admission under § 1225(b)).

Therefore, the Court concludes that Petitioner is not an applicant for admission under §1225(b) and is entitled a bond hearing under §1226(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.  However, the Court notes that there may be grounds for release under due process if Petitioner's parole was valid and revoked without notice or justification.  Therefore, the Court **ORDERS** the Parties to provide supplemental briefing on the status of Petitioner's parole prior to his October 2025 re-detention by <u>December 1, 2025</u>.

**IT IS SO ORDERED.**

Dated:  November 24, 2025

Hon. Janis L. Sammartino
United States District Judge

25-CV-3136 JLS (JLB)